

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 25, 1971

Hon. Jess M. Irwin, Jr.
Commissioner
Texas Rehabilitation Commission
1301 West 38th Street
Austin, Texas   78705

Dear Mr.  rwin:

Opinion No. M- 944

Re:  May the Texas Rehabilita-
tion Commission deposit
funds received from local
agencies under a federal
establishment grant in a
local depositor?  .

        In your letter requesting an opinion from this office,
you submit the following facts:

        "The Texas Rehabilitation Commission is
authorized to sponsor various local rehabilita-
tion agencies for the purpose of obtaining Federal
funds to be used for initial staffing, equipping,
or remodeling or expansion of buildings used as
rehabilitation facilities.  Generally, the local
rehabilitation agency applying through the Com-
mission for grant funds will be a state school,
hospital, Goodwill Industries, or similar organiza-
tion.  Grant funds are provided by the U. S. Depart-
ment of Health, Education and Welfare on an 80%-
20% basis with 20% of the funds being provided by
the local agency.

        "During FY 70-71 the Commission had establish-
ment grant implementation in the amount of $987,214.
If all grant funds are fully utilized this will re-
sult in 20%, or $197,442 being contributed by the
local agencies.  Grant funds are expended on the
basis of monthly reports from the grantee, there-
fore, the use of the funds is spread over the entire
fiscal year or longer.  Thus, there is a possibility
of earning a considerable sum of interest if deposit
of the funds from the local agencies is authorized
to be deposited in local depositories.  The sole
purpose of placing such funds in local depositories
is to earn interest to be used in the rehabilitation
program of the Commission."

-4622-

In addition, you have also advised us that grant funds provided
to the Texas Rehabilitation Commission by the United States
Department of Health, Education and Welfare are deposited in the
State Treasury. With regard to these facts you ask the following
question:

> "May the Texas Rehabilitation Commission
> deposit funds received from local agencies
> under a Federal establishment grant in a local
> depository?"

Section 6 of Article XVI of the Constitution of Texas,
as adopted by the electorate in 1966, provides, in part, as follows:

> "(b)  State agencies charged with the
> responsibility of providing services to those
> who are blind, crippled, or otherwise physically
> or mentally handicapped may accept money from
> private or federal sources, designated by the
> private or federal source as money to be used
> in and establishing and equipping facilities
> for assisting those who are blind, crippled,
> or otherwise physically or mentally handicapped
> in becoming gainfully employed, in rehabilitating
> and restoring the handicapped, and in providing
> other services determined by the state agency to
> be essential for the better care and treatment of
> the handicapped. Money accepted under this sub-
> section is state money. State agencies may spend
> money accepted under this subsection, and no other
> money, for specific programs and projects to be
> conducted by local level or other private, non-
> sectarian associations, groups, and nonprofit
> organizations, in establishing and equipping
> facilities for assisting those who are blind,
> crippled, or otherwise physically or mentally
> handicapped in becoming gainfully employed, in
> rehabilitating and restoring the handicapped, and
> in providing other services determined by the
> state agency to be essential for the better care
> or treatment of the handicapped.
>
> "The state agencies may deposit money ac-
> cepted under this subsection either in the state
> treasury or in other secure depositories. . . ."
> (Emphasis ours)

This constitutional provision authorizes state agencies charged with responsibility for providing services to those physically or mentally handicapped to spend money accepted under the provisions of Section 6 of Article XVI for specific programs and projects. Such programs may be conducted by " . . . local level or other private, non-sectarian associations, groups, and nonprofit organizations . . ." in providing services determined by the state agency to be essential for the better care or treatment of the handicapped. Attorney General's Opinion M-91 (1967).

Pursuant to the provisions of Section 6 of Article XVI of the Texas Constitution, the Texas Rehabilitation Commission was created by the Legislature in 1969 by the enactment of Senate Bill 110, Acts 61st Legislature, Regular Session, chapter 40, page 103 (Article 2675 7 . Vernon's Civil Statutes). Sec. 10 of this Article 2675 1 reads as follows:

"Sec. 10. The state treasurer is hereby authorized to receive all monies appropriated by Congress and allotted to Texas for carrying out the purposes of this Act or agreements, arrangements, or plans authorized thereby; and to make disbursements therefrom upon the certification of the Commissioner. All public monies available to the agency shall be deposited, administered, and disbursed in the same manner and under the same conditions and requirements as provided by law for other public funds in the state treasury. The State Auditor shall regularly audit all accounts established by the Commission in local depositories, to assure that non-public funds made available to the Commission through gift or bequest, by local organizations desiring to participate in projects for the handicapped authorized in Subsection (b) of Section 6 of Article XVI of the Texas Constitution, or by endowment, are expended in a manner consistent with the purposes of this Act, and the Commission shall comply with such reporting procedures as the State Auditor might prescribe for the Commission's acceptance, holding, investment and use of non-public funds." (Emphasis ours)

Under the express provisions of Section 6(b) of Article XVI money received by the Texas Rehabilitation Commission from private and federal sources is declared to be "state money." In

the case of <u>Lower Colorado River Authority v. Chemical Bank &</u> <u>Trust Co.</u>, 185 S.W.2d 461 (Tex.Civ.App. 1945) affirmed 144 Tex. 326, 190 S.W.2d 48 (1945), it was held that funds collected and deposited by the Lower Colorado River Authority, an agency of the State, to be used only for a public purpose and subject to expenditure by the authority only for such purpose were without doubt public funds. On the basis of the holding in this case, it is our opinion that money received by the Texas Rehabilitation Commission from local governmental agencies and other State agencies for the purpose authorized by Section 6(b), Article XVI of the Texas Constitution, and Article 2675*l* also would be "state money." Also under this Section, the Texas Rehabilitation Commission has the option of depositing such money in the State Treasury or some other secure depository.

The provisions of Sec. 10, Article 2675*l* , classifies funds available to the Texas Rehabilitation Commission as public and non-public funds. In construing the provisions of this Section 10 and taking into consideration the express provisions of Section 6, Article XVI of the Texas Constitution, we conclude that money available to the Texas Rehabilitation Commission which is deposited in the State Treasury shall be handled, administered and disbursed in accordance with the provisions of the "State Depository Act" (Articles 2525-2529d, Vernon's Civil Statutes.) We also hold that money which the agency places in a local depository is subject to a regular audit by the State Auditor. Moreover, the agency is selecting a local depository for funds available to it must comply with the provisions of Article 2529c, Vernon's Civil Statutes, which provides, in part, as follows:

"Section 1. The selection and qualification of depositories for the deposit of public funds of all agencies and political subdivisions of the state shall be in accord with the laws now in effect and hereinafter enacted pertaining thereto.

"Sec. 2.  .  .  .

"A bank shall not be disqualified from bidding and becoming the depository for any agency or political subdivision of the state by reason of having one or more officers, directors or stockholders of said bank who individually or collectively own or have a beneficial interest in not more than 10 percent of the bank's outstanding capital stock, and at the same

time serves as a member of the board, commission, or other body charged by law with the duty of selecting the depository of such state agency or political subdivision; provided, however, that said bank must be selected as the depository by a majority vote of the members of the board, commission, or other body of such agency or political subdivision and no member thereof who is an officer, director or stockholder of the bank shall vote or participate in the proceedings.  . . ."

You are advised, in answer to your question, that the Texas Rehabilitation Commission is authorized to deposit funds received from local agencies under a federal establishment grant in a local depository.

## S U M M A R Y

The Texas Rehabilitation Commission is authorized to deposit funds received from local agencies under a federal establishment grant in a local depository.  Art. XVI, Sec. 6(b), Tex. Const., Art. 2675ℓ , Sec. 10, V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Ed Esquivel
Austin C. Bray, Jr.
Jack Goodman
Ray McGregor

NOLA WHITE
First Assistant

ALFRED WALKER
Executive Assistant